FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2006 AUG 14 AM 11:58

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOSES TIMOTHY WILLIAMS,

Plaintiff,

-v-

SUPERINTENDENT OF MHU,
Attica Corr. Fac.,

Defendant.

**DECISION and ORDER**
06-CV-215Sc

## INTRODUCTION

Plaintiff Moses Timothy Williams, an inmate at the Elmira Correctional Facility, and formerly an inmate at the Attica Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff has also filed a motion for the appointment of counsel (Docket No. 3).

In short, Plaintiff claims that Defendant violated his rights by taking him to the mental health unit for treatment after he was involved in a fight with another inmate over Plaintiff's refusal to shower. Plaintiff claims that he had no history of mental illness and that Defendant subjected him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted, his motion for appointment of counsel is denied as moot, and the Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to proceed *in forma pauperis.* Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the Complaint, the Court must accept as true all factual allegations and must draw all inferences in Plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the Complaint, the Court finds that Plaintiff's claim must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because it fails to state a claim upon which relief may be granted and it is time barred.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

Plaintiff alleges that he was released to general population on January 9, 2002, and that a fight ensued between him and another inmate after which he was taken to the psychiatric center by Defendant for treatment and medication. Plaintiff's complaint appears to be that he was placed in the mental health unit without any previous history of mental health issues. Plaintiff does not, however, allege any injury or anything other than that he was taken to the mental health unit. There is no allegation that Plaintiff was subjected to any unconstitutional condition of confinement that would be actionable under § 1983, *see Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991) (prisoner must show both that the deprivation was, in objective terms, "sufficiently serious" such that the deprivation "den[ied] the minimal civilized measure of life's necessities[ ]" and that prison officials acted with deliberate indifference), or that he was entitled to or due some type of procedural protections, *i.e.*, procedural due process, before being taken to the mental health unit, *see Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (A prisoner's liberty interest is implicated by prison discipline, such as SHU confinement, only if the discipline "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Accordingly, the Complaint fails to state a claim upon which relief can be granted.

Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."). Leave to amend would be futile herein because Plaintiff's claim, as set forth in the Complaint, is barred by the applicable statute of limitations. The applicable statute of limitations for actions brought under § 1983 in federal district courts in New York is three years. *Owens v. Okure*, 488 U.S. 235, 251, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). The Complaint alleges that Plaintiff was taken to the psychiatric unit on January 9, 2002. The Complaint in this case was not filed until April 3, 2006, more than four years after the alleged incident and, therefore, the claim alleged is time barred.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**ORDERS**

IT HEREBY IS ORDERED, that Plaintiff's request to proceed *in forma pauperis* (Docket No. 2) is GRANTED.

FURTHER, that Plaintiff's Motion for Appointment of Counsel (Docket No. 3) is DENIED as moot.

FURTHER, that the Complaint is DISMISSED with prejudice.

FURTHER, that leave to appeal to the Court of Appeals as a poor person is DENIED.

SO ORDERED.

Dated: August 13, 2006
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge